United States District Court
Southern District of Texas

**ENTERED**

May 28, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISHELLA WASHINGTON, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-01267 |
| | § | |
| CAPITAL ONE AUTO FINANCE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Chrishella Washington sued Capital One Auto Finance, asserting claims arising out of an auto loan account, for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) and 15 U.S.C. § 1681o, n.  (Docket Entry No. 1).  Capital One moved to dismiss.  (Docket Entry Number 8).  Washington then filed an amended complaint.  (Docket Entry Number 10).  She alleges that she opened an automobile loan account with Capital One in June 2020.  (*Id.* at 2).  Washington alleges that Capital One reported inaccurate information on the account, including that the account was "paid" and in "charge-off" status. (*Id.* at 2–3).  Washington further alleges that she disputed these inaccuracies with consumer reporting agencies and with the Consumer Finance Protection Bureau, but despite "receiving notice of [these] disputes, [Capital One] failed to conduct a reasonable investigation." (*Id.* at 2, 4).  Based on these allegations, Washington again asserts violations of § 1681s-2(b) and § 1681o, n. (*Id.* at 4–5).  She seeks actual damages, statutory damages, punitive damages, court costs, and attorneys' fees.  (*Id.* at 5).

Rule 12(b)(6) authorizes dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although courts accept as true well-pleaded allegations and liberally construe them in the plaintiff's favor, *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982), a court need not credit bare conclusory allegations or a formulaic recitation of the elements of a cause of action, *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992).  Courts are not required to "'conjure up unpled allegations or construe elaborately arcane scripts to' save a complaint." *Rios v. City of Del Rio,* 444 F.3d 417, 421 (5th Cir. 2006) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

Although pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "*pro se* status does not provide an 'impenetrable shield,' 'for one acting *pro se* has no license to harass others, clog the machinery with meritless litigation and abuse overloaded court dockets.'" *Hunsinger v. Valor Intelligent Processing*, No. 3:25-cv-1880-X-BT, 2026 WL 271032, at *2 (N.D. Tex. Jan. 13, 2026) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)), *report and recommendation adopted*, 2026 WL 269365 (N.D. Tex. Jan. 30, 2026).  Pro se litigants must still comply with the "relevant rules of procedure and substantive law." *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981) (per curium); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) (courts have "never suggested that procedural rules in ordinary civil litigation should be . . . excuse[d for] those who proceed without counsel").

Washington's FCRA claims are dismissed because she has failed to plead any inaccuracy in Capital One's reporting.[1]   Section 1681s-2(b) sets forth the responsibilities of furnishers of information once those furnishers "have been notified of a dispute with regard to the accuracy of information provided [by a person] to a consumer reporting agency." *Smith v. Nat'l City Mortg.,* No. 09-cv-881, 2010 WL 3338537, at *14 (W.D. Tex. Aug. 23, 2010). However, before a factfinder can determine whether a furnisher complied with its Section 1682s-2(b) obligations, "the consumer must make a 'prima facie showing' of inaccuracy." *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022) (quoting *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018). "The Fifth Circuit defines 'inaccurate information' . . . as information that is either (1) 'patently incorrect' or (2) 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Huggins v. Trans Union, LLC,* No. 3:21-CV-02418-E, 2023 WL 3361202, at *3 (N.D. Tex. May 10, 2023) (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)). To determine whether an account is reporting inaccurate information, a court must review "the account information in its entirety." *Id.*

Washington alleges that Capital One's reporting is inaccurate because it shows that the account is "paid" and "[c]harge[d]-off," (Docket Entry Number 10 at 2), and in "payment after charge off/collection status," (*Id.* (capitalizations altered)).  But it is not inaccurate to report an

---

[1] The defendants also move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  (Docket Entry No. 13 at 4).  However, the case they cite in support of their *TransUnion*-based standing argument—*Redmon v. Equifax Info Servs., LLC*, No. 4:22 CV-2780, 2024 WL 1893598, at *3–5 (S.D. Tex. Apr. 30, 2024)—dismissed in part for failure to sufficiently plead damages (a merits issue), not failure to plead harm sufficient to meet Article III.  Courts routinely find that plaintiffs have Article III standing in similar FCRA cases.  *See, e.g.*, *Banks v. Equifax Info. Servs. LLC*, No. 5:25-CV-00111-JRG-JBB, 2026 WL 628973 (E.D. Tex. Feb. 9, 2026), *report and recommendation adopted,* No. 5:25-CV-00111-JRG-JBB, 2026 WL 627793 (E.D. Tex. Mar. 5, 2026); *Marr v. Trans Union LLC*, No. 25 CV 14790, 2026 WL 1283214, at *2 (N.D. Ill. May 11, 2026); *Watts v. Equifax Info. Servs.*, No. 1:25-CV-4949-JPB-JSA, 2026 WL 823933, at *7–8 (N.D. Ga. Feb. 25, 2026).   These cases are generally dismissed on the merits.   The court concludes that Washington has standing and dismisses this case on the merits.

account as both "paid" and "charged-off," and as having been paid after charge off/collection. A charge off under the FCRA is "a declaration by a creditor that an amount is unlikely to be collected." *Seelbach v. Ditech Fin. LLC,* No. 3:17-CV-3386-D, 2018 WL 3496479, at *3 (N.D. Tex. July 19, 2018). A payment after charge-off is a payment on a debt after the lender has written it off as a loss. A paid charge-off looks less bad than an unpaid one. It is not contradictory to report an account as a "paid charge-off" when that account was charged-off and subsequently paid. *See Hislop v. Bank of Am. N.A.*, No. 3:23-CV-21753-MCR-HTC, 2023 WL 7491130, at *3–4 (N.D. Fla. Nov. 8, 2023). Reporting an account as a "paid charge-off" with a zero-balance due accurately characterizes an account that was charged off and subsequently paid. *See Couch v. Sunstar Acceptance Corp.*, 273 F.3d 1099, 2001 WL 1070906, at *1 (5th Cir. 2001) (unpublished). Washington's Section 1681s-2(b) claim cannot succeed because an account as both paid and charged off is not inaccurate, as a matter of law. This claim is dismissed.[2]

Finally, Washington fails to state a claim for a violation of 15 U.S.C. §§ 1681o, n: if a plaintiff can show a prima facie violation of the FCRA by demonstrating inaccuracy and an unreasonable investigation—which Washington has failed to do—she must also demonstrate that a furnisher either (1) violated the statute willfully, or (2) violated the statute negligently, resulting in actual damages. *See* 15 U.S.C. §§ 1681o, n. Washington fails to allege a prima facie violation of the FCRA, or to plead any facts supporting a negligent or willful violation. *See Okwo v. Hous. Methodist,* No. H-21-4063, 2022 WL 1644453, at *7 (S.D. Tex. May 24, 2022) (dismissing a willful noncompliance claim when the plaintiff "ha[d] not pleaded facts that a violation occurred in the first instance"). And because Washington cannot show inaccuracy, she cannot show actual

---

[2] Although Washington's response brief asserts that she has sufficiently alleged other inaccuracies outside of the "paid/charged off" issue that could lead to FCRA liability, (Docket Entry No. 15), her amended complaint does not actually do so.

damages. "[I]t is hard to imagine how a plaintiff could show actual damages . . . if the information at issue ultimately was accurate." *Gatanas v. Am. Honda Fin. Corp.*, No. 20-cv-07788, 2020 WL 7137854, at *3 & n.3 (D.N.J. Dec 7, 2020) (citing *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37-38 (1st Cir. 2010)). Moreover, even assuming that there is a properly alleged inaccuracy—which there is not—Washington's complaint "is devoid of factual support" for the harms she alleges and her "conclusory allegations are insufficient to state a claim for damages." *Redmon v. Equifax Info Servs., LLC*, No. 4:22 CV-2780, 2024 WL 1893598, at *3 (S.D. Tex. Apr. 30, 2024).

This case is dismissed, with prejudice, because pleading amendment would be futile. Final judgment is separately entered.

SIGNED on May 28, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge